IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>TIARA A. BLANCO-LIGGINS,<br><br>                    Defendant. | **4:15CR3024**<br><br>ORDER |

The defendant's trial, scheduled for June 29, 2015, was cancelled because the court was advised that the defendant wanted to enter a change of plea. The defendant had completed and signed a plea petition and pleas agreement. At the scheduled plea hearing, the court conferred with counsel and with the defendant. The defendant moved for new counsel, claiming defense counsel is not adequately and zealously representing the defendant's interests. See Filing No. 95. She further stated she does not want to plead guilty. The defendant, Tiara Blanco-Liggins, is eligible for appointed counsel pursuant to the Criminal Justice Act, 18 U.S.C. §3006A, and the Amended Criminal Justice Act Plan for the District of Nebraska.

    IT IS ORDERED:

    1)     Defendant's motion to appoint new counsel, (filing no. 95), is granted. Charles T. Steenson is hereby withdrawn as counsel, and he shall promptly notify the defendant of the entry of this order.

    2)     The clerk shall delete Charles T. Steenson from any future ECF notifications herein.

    3)     The clerk shall forward this memorandum and order to the Federal Public Defender.

    4)     The Federal Public Defender shall forthwith provide the court with a draft appointment order (CJA Form 20) bearing the name and other identifying information of the CJA Panel attorney identified in accordance with the Criminal Justice Act Plan for this district.

5)     The newly appointed counsel shall promptly file an entry of appearance on behalf of the defendant.

6)     A status conference will be held on August 12, 2015 at 9:30 a.m. to discuss a new case progression schedule. The defendant, her newly appointed counsel, and counsel for the government shall appear at the hearing.

7)     After conferring with the defendant, and with her consent, the time between August 6, 2015 and August 12, 2015 will be excluded shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act because the defendant's change of mind regarding entering a plea has disrupted the normal scheduling practices of this court, the government's counsel must now re-direct its attention to trial preparation, and the defendant's new counsel must have an adequate opportunity to review the evidence, confer with the defendant, and prepare for trial, and the failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B).

August 6, 2015.                 BY THE COURT:

                                        *s/ Cheryl R. Zwart*
                                        United States Magistrate Judge